NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0615n.06
Filed: August 22, 2006

No. 05-4042

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KENTUCKY HOUSEHOLD GOODS CARRIERS ASSOCIATION, INC., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW OF AN ORDER OF THE FEDERAL TRADE |
| FEDERAL TRADE COMMISSION, | ) ) | COMMISSION |
| Respondent. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; and COLLIER, District Judge.[*]

PER CURIAM. Kentucky Household Goods Carrier Association petitions this court for review of a Federal Trade Commission order affirming an administrative law judge's decision that the Association's ratemaking activities constituted unlawful horizontal price fixing, unexempted from antitrust scrutiny by the "state-action" doctrine. We agree with the Commission and adopt as the panel's opinion, the reasoning, findings of fact, and legal conclusions of the ALJ's decision, as reviewed and explained in the Commission's order, and briefly discuss the arguments posed by this appeal.

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

In view of the scant evidence demonstrating that the Kentucky Transportation Cabinet, the state agency authorized to fix or approve the rates charged by the Association's members, actively supervised the Association, we cannot say the Commission erred in finding the state-action doctrine inapplicable here. Among other things, the Cabinet held no hearings regarding the Association's proposed rate increases, provided no notice of impending rate changes, and published no written decision explaining its reasons for implementing rate changes. This inaction demonstrates that the state did not exercise "sufficient independent judgment and control so that the details of the rates or prices [were] established as a product of deliberate state intervention." *FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 634 (1992). The spurious distinctions the Association draws between its case and the authorities relied upon below, namely *Ticor*, 504 U.S. 621 and *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum,* 445 U.S. 97 (1980), do not convince us otherwise.

Moreover, the Cabinet did not participate in the trial before the ALJ (except to make a closing argument) or seriously pursue intervention on appeal. And the state attorney general, in its *amicus curiae* brief filed in support of the Commission, asserted: "[T]he FTC's Decision and Order is consistent with and fully supported by Kentucky law." Such lackluster support for the claimed ratemaking role played by the state (the intended beneficiary of the state-action exemption) further supports the Commission's conclusion that the exemption is inapplicable here. *Cf. Midcal*, 445 U.S. at 112 n.12 (commenting the State of California "has shown less than an enthusiastic interest in its wine pricing system" in finding that the state-action exemption did not apply).

No. 05-4042
*Kentucky Household v. FTC*

We deny the petition for review.